IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | No. 3:21-CR-00435-N-4 |
| | § | |
| IJEOMA OKORO, | § | |
| #66526-509, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Ijeoma Okoro's Motion for Temporary Release to Home Confinement to Prepare for Trial (doc. 350). She argues that a temporary release is necessary because the discovery in this case is "extremely voluminous," and it consists primarily of documents. *Id.* at 3. Okoro further argues that although it would be possible for her attorney to comprehend the discovery without her being present, the process would be very difficult. She contends that preparation for her trial will be less effective if it occurs while she is detained for the following reasons: (1) there is a large volume of documents involved in this case; (2) the relationships between the parties and organizations, as alleged in the government's discovery; and (3) close consultation with her attorney during this process is necessary to ensure that she receives effective assistance of counsel. In addition, Okoro seeks a temporary release to renew her legal permanent resident card prior to its expiration on September 30, 2023.

On September 6, 2023, the government filed a response (doc. 355), arguing: (a) Okoro waived her right to review by failing to object to the Magistrate Judge's detention order in a timely manner; (b) Okoro failed to establish that temporary release is necessary to adequately prepare for trial; (c) the anticipated expiration of Okoro's current green card

is insufficient to warrant temporary release; and (d) Okoro engaged in conduct following the indictment period that supports the decision to detain her pending trial. For the reasons discussed below, Okoro's motion will be **DENIED**.

## I. Background

On September 15, 2021, Okoro was charged by indictment with two offenses: (1) conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1349 and 1343 (count one); and (2) conspiracy to launder monetary instruments in violation of 18 U.S.C. §§ 1956(h) and 1957 (count two). (Doc. 1.) She had her initial appearance on September 24, 2021, and she entered a plea of not guilty. (Doc. 33.)

Okoro had a detention hearing on September 29, 2021, and she was released on conditions. (Doc. 65.) On January 28, 2022, a report of violation of pretrial release was filed by the probation officer, and it alleged that she had violated her pretrial release conditions. (Doc. 128.) A hearing on a motion to revoke Okoro's pretrial release was conducted on March 3, 2022, and she was ordered detained pending trial. (Doc. 148.) On March 8, 2022, she filed a motion to reconsider the revocation of her pretrial release, and a hearing was held before the Magistrate Judge. (Docs. 151, 160.) The Magistrate Judge declined to change the decision to detain Okoro, and she is presently being held at Johnson County Jail in Cleburne, Texas. (Doc. 161.) Her trial is set for October 30, 2023. (Doc. 340.)

## II. Discussion

The government initially argues that Okoro waived her right to review by failing to object to the Magistrate Judge's detention order in a timely manner. (Doc. 355 at 5-6.) Specifically, the government contends that Okoro failed to seek review of the Magistrate

Judge's detention order within fourteen days after it was issued, and she has therefore waived her right to review. *Id.* at 5.

A magistrate judge's decision regarding pretrial detention is subject to *de novo* review by the district judge. *United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992) (citing *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985)); *see also* 18 U.S.C. § 3145(b) (designated as "[r]eview of a detention order"). The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3156, governs pretrial detention of those individuals charged with a federal crime. 18 U.S.C. § 3142 (designated as "[r]elease or detention of a defendant pending trial"). "Under the Bail Reform Act, a defendant shall be released pending trial unless a judicial officer determines that release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). "[T]he lack of reasonable assurance of *either* the defendant's appearance *or* the safety of others or the community is sufficient; both are not required." *United States v. Stanford*, 341 F. App'x 979, 981 (5th Cir. 2009) (per curiam) (quoting *Fortna*, 769 F.2d at 249) (citation omitted) (emphasis in original)).

Under Federal Rule of Criminal Procedure 59, "[a] district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense." Fed. R. Crim. P. 59(a); *see also United States v. Hall*, No. 3:18-CR-623-S, 2020 WL 7027473, at *2 n.4 (N.D. Tex. Nov. 30, 2020), *rec. adopted*, 2022 WL 19518461 (N.D. Tex. Dec. 12, 2022). When a magistrate judge "enter[s] on the record an oral or written order" regarding the referred matter, "[a] party may serve and file objections to the order within 14 days after being served with a copy of a written order [.]" Fed. R. Crim. P. 59(a).

"[A] defendant must seek review of a magistrate judge's detention order within fourteen days as prescribed by Fed. R. Crim. P. 59(a), or the 'right to review is waived, and review by the district court following such a waiver is discretionary and not a matter of right.'" *United States v. Bethany*, No. 3:18-CR-297-S, 2020 WL 6731016, at *3 (N.D. Tex. Oct. 16, 2020), *rec. adopted*, 2020 WL 6712236 (N.D. Tex. Nov. 13, 2020); *see also United States v. Watts*, No. 3:09-CR-249-D (09), 2010 WL 11452009, at *1 (N.D. Tex. June 25, 2010).

At a hearing on March 3, 2022, the Magistrate Judge revoked Okoro's conditions of release (doc. 148). On March 7, 2022, the Magistrate Judge entered a detention order (doc. 150). Okoro then moved for reconsideration of the revocation of her pretrial release. (Doc. 151.) On March 17, 2022, the Magistrate Judge granted the motion to reconsider, but ordered that her conditions of release remain revoked, and she remain detained. (Doc. 161.) None of Okoro's motions seeking review of the Magistrate Judge's detention order were filed within the fourteen-day period under Rule 59(a). And her pending motion seeking a temporary release to home confinement (doc. 350) was not filed until August 23, 2023, well over a year later. In sum, Okoro waived her right to seek review of the Magistrate Judge's detention order under Rule 59(a), and the Court declines to exercise its discretion to review it. *See Bethany*, 2020 WL 6731016, at *3; *see also Watts*, 2010 WL 11452009, at *1.

### III. Conclusion

For the forgoing reasons, the Court **DENIES** Okoro's Motion for Temporary Release to Home Confinement to Prepare for Trial (doc. 350). Okoro shall remain detained pending trial.

**SO ORDERED.**

SIGNED September 21, 2023.

_____
DAVID C. GODBEY
CHIEF JUDGE