IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § § § | No. 3:21-CR-00435-N-4 |
| IJEOMA OKORO, Defendant. | | |

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Ijeoma Okoro's Motion for Judgment of Acquittal (doc. 427) and Motion for a New Trial (doc. 428). For the reasons discussed below, Okoro's motions will be **denied**.

### I. Background

Okoro was charged by indictment and then in a superseding indictment. Okoro pleaded not guilty, and the Court conducted a nine-day trial in November-December 2023. Following the close of the government's evidence at trial, Okoro moved for a judgment of acquittal, but the Court denied the motion. The jury found Okoro guilty of the following: (1) conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1349 and 1343 (count one); and (2) conspiracy to launder monetary instruments in violation of 18 U.S.C. §§ 1956(h) and 1957 (count two).

### II. Discussion

**A. Motion for Judgment of Acquittal**

Relying on Federal Rule of Criminal Procedure 29(c), Okoro argues that even considering the evidence in a light most favorable to the government, no reasonable juror

could conclude the government proved all the elements of each charge against her in the superseding indictment beyond a reasonable doubt. (Doc. 427.)

Rule 29(c) allows a court to set aside a jury's guilty verdict and enter an acquittal in some situations. A defendant may move for a judgment of acquittal either after the government closes its evidence or after the close of all evidence. FED. R. CRIM. P. 29(a). A court must grant such a motion if the evidence is insufficient to sustain a conviction. *Id.* As the Fifth Circuit has explained, "[a] motion for acquittal should be granted if the government fails to present evidence sufficient for a reasonable jury to have found that each essential element of the offense was established beyond a reasonable doubt." *United States v. Vasquez*, 677 F.3d 685, 692 (5th Cir. 2012). A court should "consider[ ] the evidence in the light most favorable to the government, with all reasonable inferences and credibility determinations made in the government's favor." *Id.*

Based on the evidence before the jury at Okoro's trial, a rational juror could have concluded that she was guilty as charged. At trial, the government presented eighteen witnesses and more than 125 exhibits. The evidence was overwhelming as to Okoro's guilt. And while Okoro testified at her trial, the jury was apparently not convinced that her testimony was credible. Because there was ample evidence for a rational juror to convict Okoro, this motion will be denied.

**B.  Motion for a New Trial**

Next, Okoro moves for a new trial under Federal Rule of Criminal Procedure 33 on the basis that the evidence at her trial was insufficient to support a finding of guilt, and it would be a miscarriage of justice to let it stand. (Doc. 428.) Okoro claims that any

evidence against her concerning her involvement and knowledge in the conspiracies charged came solely from testimony provided by unreliable codefendants. *Id.*

Under Rule 33, a court, on a defendant's motion, "may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). In deciding a Rule 33 motion, a court may weigh the evidence and assess the credibility of the witnesses. *United States v. Arnold*, 416 F.3d 349, 360 (5th Cir. 2005). A court has broad discretion, but it "may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." *Id.* Rather, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id.*

Okoro's argument that she is entitled to a new trial because the jury's verdict was against the weight of the evidence is not persuasive. Considering the quality and quantity of the evidence presented against Okoro at her trial, the jury's verdict finding her guilty was consistent with the weight of the evidence before the jury. For these reasons, Okoro has failed to show the interest of justice requires her judgment be vacated and that she be given a new trial. This motion will be denied.

### III.  Conclusion

For the forgoing reasons, the Court **DENIES** Okoro's Motions (docs. 427, 428).

**SO ORDERED.**

SIGNED January 25, 2024.

_____
DAVID C. GODBEY
CHIEF JUDGE

3